IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TANSHELDA AMOS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SHERIDAN VILLAGE NURSING AND REHABILITATION CENTER, LLC,<br><br>Defendant. | Civil Action No.<br><br>COLLECTIVE AND CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff Tanshelda Amos, through her undersigned counsel, individually, and on behalf of all other similarly-situated persons, files this Collective and Class Action Complaint ("Complaint") against Defendant Sheridan Village Nursing and Rehabilitation Center, LLC ("Sheridan Village" or "Defendant"), seeking all available remedies under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 Ill. Comp. Stat. §105/1 *et seq.*, and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 Ill. Comp. Stat. §115/1 *et seq.*, for failure to pay all overtime compensation owed. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

**JURISDICTION AND VENUE**

1. Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. Defendant is incorporated in Illinois, is headquartered and conducts business in this District, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District.

3. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims, because those claims derive from a common nucleus of operative facts.

### PARTIES

4. Plaintiff Tanshelda Amos is a resident of Chicago, Illinois. Plaintiff was employed by Defendant as a licensed practical nurse ("LPN") from approximately April 2018 to the present. Pursuant to 29 U.S.C. § 216(b), Plaintiff has consented in writing to be a plaintiff in this action. *See* Exhibit A.

5. Defendant Sheridan Village Nursing and Rehabilitation Center, LLC ("Sheridan Village") is a limited liability company organized under the laws of the state of Illinois with its principal place of business at 5838 N Sheridan Road, Chicago, IL 60660.

6. The unlawful acts alleged in this Complaint were committed by Defendant and/or Defendant's officers, agents, employees, or representatives, while actively engaged in the management of Defendant' businesses or affairs and with the authorization of the Defendant.

7. Defendant employed Plaintiff and continue to employ similarly situated employees as defined by the FLSA, 29 U.S.C. § 203(d). *See also* 29 C.F.R. 791.2(a).

8. During all times relevant, Plaintiff was an employee of Defendant and is covered by the FLSA.

9. During all times relevant, Defendant is an employer and/or enterprise covered by the FLSA.

10. At all times material to this action, Defendant has been engaged in commerce or in the production of goods for commerce as defined by the FLSA.

11. Defendant's annual gross sales exceed $500,000.

## COLLECTIVE AND CLASS DEFINITIONS

12. Plaintiff brings Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of herself and the following proposed collective:

> All current and former non-exempt employees of Defendant who worked in the United States during the applicable statute of limitations period, and who were not properly paid overtime compensation for all hours worked in excess of forty (40) each week (the "FLSA Collective").

13. Plaintiff brings Counts II and III of this lawsuit as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and the following class:

> All current and former non-exempt employees of Defendant who worked in Illinois during the applicable statute of limitations period, and who were not properly paid overtime compensation for all hours worked in excess of forty (40) each week (the "Illinois Class").

14. The FLSA Collective and the Illinois Class are together referred to as the "Classes" and the members of the Classes are "Class Members."

15. Plaintiff reserves the right to redefine the Classes prior to notice or certification, and thereafter, as may be warranted or necessary.

## FACTUAL BACKGROUND

16. Plaintiff was employed by Defendant as a licensed practical nurse ("LPN") from approximately April 2018 to the present in Chicago, Illinois.

17. Defendant is "a 191-bed, skilled nursing and psychiatric facility located in Chicago, IL." *See* Sheridan Village, About Us, https://sheridanvillagerehab.com/about-us/ (last viewed Aug. 18., 2022).

18. Plaintiff and Class Members are non-exempt hourly employees who provide care and activities for Defendant's residents pursuant to Defendant's rules, regulations, guidelines, and policies. Plaintiff's and Class Members' duties include assisting in coordinating resident participation in social and activity programs, participating in rehabilitative programs, and standard

3

nursing services including but not limited to applying and changing dressings/bandages.

19. Plaintiff and Class Members performed no job duties or functions that qualified for any FLSA overtime exemption.

20. Given the nature of the work, Plaintiff and Class Members regularly work more than forty (40) hours in a workweek.

21. Plaintiff typically worked between forty-five (45) and sixty (65) hours per workweek. Plaintiff observed other Class Members have a similar work schedule.

22. Plaintiff and Class Members are paid an hourly rate. When Plaintiff first started working for Defendant, her hourly rate was $27 per hour. Plaintiff's current hourly rate is $29 per hour.

23. Further, Plaintiff and Class Members receive bonuses for working extra shifts and working with Covid-19 residents. However, these non-discretionary bonuses were not included in their regular rate when calculating overtime compensation.

24. Defendant failed to include Plaintiff's and Class Members' non-discretionary bonuses in the calculation of her regular rate of pay which resulted in unpaid overtime wages in violation of the FLSA and Illinois state law.

25. Defendant is aware, or should have been aware, that Plaintiff and the Class were paid non-discretionary bonuses and that they worked overtime.

26. Pursuant to the FLSA, non-discretionary bonuses are included in the employee's regular rate of pay unless they qualify as excludable under another statutory provision. According to the U.S. Department of Labor, which is charged with overseeing implementation of the FLSA, "[e]xamples of nondiscretionary bonuses that must be included in the regular rate" of pay for purposes of calculating and paying overtime compensation include:

- Bonuses based on a predetermined formula, such as individual or group production bonuses;

- Bonuses for quality and accuracy of work;

- Bonuses announced to employees to induce them to work more efficiently;

- Attendance bonuses; and

- Safety bonuses (*i.e.*, number of days without safety incidents).

U.S. Dept. of Labor, Wage & Hour Div., *Fact Sheet #56C: Bonuses under the Fair Labor Standards Act (FLSA)*.

27. The bonuses are based on a pre-determined formula that is advertised to Defendant's non-exempt employees in advance.

28. The bonuses are paid as part of Plaintiff's and Class Members' usual wages and treated as compensation along with Plaintiff's and the Class Members' compensation.

29. Plaintiff and Class Members were all subject to Defendant's uniform policy of not including non-discretionary bonuses in the calculation of overtime wages.

30. Defendant's actions in violation of the FLSA and Illinois law as set forth herein were made willfully to avoid liability under the FLSA and state law. Such willfulness is demonstrated by, or may be reasonably inferred from, Defendant's actions and failures to act.

31. Specifically, Plaintiff has made numerous attempts to receive proper overtime compensation that included all forms of renumeration, including the calculation of the bonuses in her regular rate of pay for purposes of determining her overtime compensation.

32. By failing to pay all the overtime compensation owed to Plaintiff and other non-exempt employees as detailed above, Defendant acted willfully and in reckless disregard of clearly applicable FLSA provisions and Illinois state law.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of herself and the FLSA Collective as defined above.

34. Plaintiff desires to pursue their FLSA claim on behalf of all individuals who opt in to this action pursuant to 29 U.S.C. § 216(b).

35. Plaintiff and the FLSA Collective are "similarly situated" as that term is used in 29 U.S.C. § 216(b) because, *inter alia*, all such individuals currently work or have worked pursuant to Sheridan Village's common business and payroll practices as described herein, and, as a result of such practices, have not been paid overtime compensation due as described herein. Resolution of this action requires inquiry into common facts, including, inter alia, Defendant's common compensation and payroll practices.

36. These similarly situated employees are known to Defendant, readily identifiable, and can be easily located through Defendant's business records.

37. Defendant employs and has employed many FLSA Collective members throughout the United States. These similarly situated current and former employees may be readily notified of this action through U.S. mail and/or other reasonable means, and allowed to opt in to this action, pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, liquidated damages, interest, attorney's fees, and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

38. Plaintiff incorporates by reference the foregoing allegations as if set forth herein.

39. Plaintiff brings this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and the Illinois Class defined above.

40. The members of the Illinois Class are so numerous that joinder of all members is

impracticable. Upon information and belief, there are more than 40 members of the Illinois Class.

41. Defendant has engaged in the same conduct towards Plaintiff and the other members of the Illinois Class.

42. The injuries and damages to the Illinois Class present questions of law and fact that are common to each class member within the Illinois Class, and that are common to the Illinois Class as a whole.

43. Plaintiff will fairly and adequately represent and protect the interests of the Illinois Class, and all of its potential class members because there is no conflict between the claims of Plaintiff and those of the Illinois Class, and Plaintiff's claims are typical of the claims of the Illinois Class.

44. Plaintiff's counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

45. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Illinois Class predominate over any questions affecting only individual Class members including, without limitation: (1) whether Defendant paid them for all time worked; and (2) whether Defendant failed to pay them the full amount of overtime compensation earned.

46. Plaintiff's claims are typical of the claims of the Illinois Class in the following ways, without limitation: (a) Plaintiff is a member of the Illinois Class; (b) Plaintiff's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Illinois Class; (c) Plaintiff's claims are based on the same legal and remedial theories as those of the Illinois Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiff and the Illinois Class members; and (e) the injuries suffered by Plaintiff are

similar to the injuries suffered by the Illinois Class members.

47. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated individuals to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Illinois Class is readily identifiable from Defendant's own employment records. Prosecution of separate actions by individual members of the Illinois Class would create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant.

48. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the Illinois Class members, while substantial, are not great enough to enable them to maintain separate suits against Defendant.

49. Without a class action, Defendant will retain the benefit of their wrongdoing, which will result in further damages to Plaintiff and the Illinois Class. Plaintiff envisions no difficulty in the management of this action as a class action.

## COUNT I
### Violation of the FLSA
### (On Behalf of Plaintiff and the FLSA Collective)

50. All previous paragraphs are incorporated as though fully set forth herein.

51. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1½) times the regular

rate at which he is employed. *See* 29 U.S.C. § 207(a)(1).

52. Defendant is subject to the wage requirements of the FLSA because Defendant is an "employer" under 29 U.S.C. § 203(d).

53. At all relevant times, each of the Defendant was, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

54. During all relevant times, the members of FLSA Collective, including Plaintiff, were covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

55. Plaintiff and the FLSA Collective are not exempt from the requirements of the FLSA.

56. Plaintiff and the FLSA Collective are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek.

57. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee[.]" 29 U.S.C. § 207(e).

58. The Supreme Court has held that the term "regular rate" "obviously means the hourly rate actually paid the employee for the normal, non-overtime workweek." *Bay Ridge v. Operating Co. v. Aaron,* 334 U.S. 446, 460 (1948) (quoting *Walling v. Helmerich & Payne, Inc.,* 323 U.S. 37, 40 (1944)).

59. With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. *See* 29 U.S.C. § 207(e); 29 C.F.R. § 778.108.

60. Plaintiff and the FLSA Collective received non-discretionary bonuses for picking

up extra shifts and working with Covid-19 residents.

61. The bonuses that Defendant offered were non-discretionary and should be included in Plaintiff and the FLSA Collective Members' regular rate.

62. The bonuses were paid as part of Plaintiff's and the FLSA Collective Members' usual wages.

63. The bonuses were promised to Plaintiff and the FLSA Collective in advance.

64. The bonuses' amounts were predetermined and based on fixed formulas with defined metrics, causing Plaintiff and the FLSA Collective Members to form a reasonable and definite expectation that they receive the Bonuses, and they did receive the Bonuses.

65. Defendant denied overtime compensation on the bonuses portions of the hourly wages of each FLSA Collective Member.

66. Defendant's actions violated and continue to violate the FLSA and its implementing regulations.

67. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

68. Defendant also failed to create, keep and preserve records with respect to work performed by Plaintiff and the FLSA Collective sufficient to determine their wages, hours and other conditions of employment in violation of the FLSA, 29 U.S.C.A. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c).

69. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

70. Pursuant to 29 U.S.C. § 216(b), employers such as Defendant, who intentionally fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for

unpaid wages, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

## COUNT II
### Violation of the Illinois Minimum Wage Law
### (On Behalf of Plaintiff and the Illinois Class)

71. All previous paragraphs are incorporated as though fully set forth herein.

72. The Illinois Minimum Wage Law ("IMWL") entitles covered employees to overtime compensation of not less than one and one-half (1½) times the employee's regular rate of pay for all hours worked in excess of forty (40) in one workweek. *See* 820 Ill. Comp. Stat § 105/4a(1).

73. Defendant is subject to the IMWL's overtime requirements because Defendant is an employer under 820 Ill. Comp. Stat § 105/3(c).

74. During all relevant times, Plaintiff and the Illinois Class were covered employees entitled to the above-described IMWL protections. *See* 820 Ill. Comp. Stat. § 105/3(d).

75. Plaintiff and the Illinois Class are not exempt from the IMWL.

76. Plaintiff and the Illinois Class routinely worked in excess of 40 hours per week.

77. The IMWL defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee." Ill. Admin. Code tit. 56, § 210.410.

78. With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. *See* Ill. Admin. Code tit. 56, § 210.410.

79. Plaintiff and the Illinois Class received non-discretionary bonuses for picking up extra shifts and working with Covid-19 patients.

80. As described in the foregoing paragraphs, Defendant's compensation policies and practices are in violation of the IMWL. *See* 820 ILCS § 115/1 *et seq*.

11

81. Defendant's failure to pay compensation as described above has been willful and/or in bad faith.

82. Defendant knowingly failed to compensate Plaintiff and the Illinois Class for all hours worked and hours worked in excess of forty (40) hours in a workweek, in violation of the IMWL. *See* 820 Ill. Comp. Stat. § 105/4a(1).

83. Pursuant to 820 Ill. Comp. Stat. § 105/12(a), employers such as Defendant, who fail to pay an employee wages in conformance with the IMWL, shall be liable to the employee for, *inter alia*, unpaid wages for three years prior to the filing of the lawsuit, punitive damages in the amount of five percent (5%) per month of the amount of underpayment, and reasonable attorneys' fees and costs.

## COUNT III
### Violation of the Illinois Wage Payment and Collection Act
### (On Behalf of Plaintiff and the Illinois Class)

84. All previous paragraphs are incorporated as though fully set forth herein.

85. The Illinois Wage Payment and Collection Act ("IWCPA") requires employers to pay employees within 13 days after the end of a semi-monthly or bi-weekly pay period or within seven days after a weekly pay period in full at the lawful rate. *See* 820 Ill. Comp. Stat. § 115/4.

86. If an employer fails to pay an employee all wages earned by the statutory deadline, the employee may commence a civil action to recover the amount of any underpayment and damages in the amount of two percent (2%) of each underpayment compounded monthly, plus costs and reasonable attorneys' fees. *See* 820 Ill. Comp. Stat. § 115/14.

87. Pursuant to 735 Ill. Comp. Stat. § 5/13-206, the statute of limitations applicable to the IWPCA is ten years after accrual of the cause of action.

88. Plaintiff and the Illinois Class are employees for purposes of the IWPCA. *See* 820

Ill. Comp. Stat. § 115/2.

89. Defendant is an employer for purposes of the IWPCA. *See* 820 Ill. Comp. Stat. § 115/2.

90. Defendant's actions, policies and/or practices as described above violate the IWPCA by failing to compensate Plaintiff and the Illinois Class for hours worked in excess of 40 in a week at one-and-one-half times their regular rate.

91. As a direct and proximate result of this practice, Plaintiff and the Illinois Class have suffered loss of income and other damages to be determined at trial.

92. As such, Plaintiff and the Illinois Class are entitled to the underpayment, damages in the amount of two percent (2%) compounded monthly, and reasonable attorneys' fees and costs. *See* 820 Ill. Comp. Stat. § 115/14.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks the following relief on behalf of herself and all others similarly situated:

    a. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

    b. An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Illinois Class;

    c. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective members;

    d. Back pay damages (including unpaid overtime compensation, unpaid spread of hours payments and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

    e. Liquidated damages to the fullest extent permitted under the law;

    f. Punitive damages as permitted under the law;

    g. Litigation costs, expenses and attorneys' fees to the fullest extent permitted

      under the law; and

h.      Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff and the Classes are entitled to a jury.

Dated: September 27, 2022                Respectfully submitted,

                                                            */s/ Katrina Carroll*
Katrina Carroll (#47274)
**LYNCH CARPENTER LLP**
111 W. Washington Street, Suite 1240
Chicago, IL 60602
Phone: (312) 750-1265
katrina@lcllp.com

Camille Fundora Rodriguez
Alexandra K. Piazza, *pro hac vice forthcoming*
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4620
crodriguez@bm.net
apiazza@bm.net

*Attorneys for the Plaintiff and the
Proposed FLSA Collective and Illinois Class*